THE DAVIS & RANKIN BUILDING & MANUFACTURING COMPANY v. L. C. MURRAY ET AL.

*Contract—Stock subscription—Joint or several obligation—Mechanic's lien—Subrogation.*

1. Complainant contracted with a number of persons to erect for them a butter and cheese factory. The price was to be $3,950, one-half payable when the factory should be completed, and one-half in three months after that date. The contractees agreed to make such payments, and as soon as the contract price should be subscribed, or in a reasonable time thereafter, to incorporate under the general laws of the State. The aggregate amount of stock was to be not less than $3,950, divided into shares of $100 each, to be issued to the sub-

scribers in proportion to their paid-up interest in the contract. It was further agreed that each stockholder should be liable only for the amount subscribed by him. The stock was all subscribed, the factory completed, and stock issued to the subscribers who had paid for the same, to the amount of $3,000. Complainant filed a bill against the corporation and the various subscribers to enforce a mechanic's lien upon the factory for the remaining $950. And it is held that the undertaking of the subscribers was several, and not joint, and that they are liable thereon only up to the amount· of their several subscriptions.

2. The complainant would be entitled in equity, under such circumstances, to be subrogated to the rights of the non-paying subscribers to the stock to the amount remaining unpaid of the contract price.

Appeal from Ottawa. (Padgham, J.) Argued June 26, 1894. Decided September 27, 1894.

Bill to enforce a mechanic's lien. Complainant appeals. Decree affirmed. The facts are stated in the opinion.

*Elbridge F. Bacon (Farr & Soule,* of counsel), for complainant.

*Walter I. Lillie,* for defendants.

MONTGOMERY, J.   This is a bill filed against the Nunica Creamery Company and the various subscribers to its stock to enforce a mechanic's lien.

The complainant entered into a contract with ˎthe numerous subscribers in the vicinity of Nunica, by which the Davis & Rankin Building & Manufacturing Company, party of the first part, agreed with the subscribers, parties of the second part, to build a · combined butter and cheese factory at· or near Nunica, according to certain defined specifications.   The contract contained further ˎprovisions as follows:

" The party of the second part hereby agrees to select and furnish suitable and reasonable level lands for said buildings.   *       *       *       *       *       *       *       *       *       *

"The Davis & Rankin Building & Manufacturing Company agrees to erect said butter and cheese factory as set forth by the above specifications for $3,950, payable when factory is completed, as follows: One-half when factory is completed; balance, one-half, in three months after factory is completed, with good notes. We, the subscribers hereto, agree to pay the above amount for said butter and cheese factory when completed; said buildings to be completed within 60 days or thereabout after the above amount ($3,950) is subscribed. Any portion of the amount subscribed not paid according to contract shall bear a legal rate of interest after due. As soon as the above amount ($3,950) is subscribed, or in a reasonable time thereafter, the said subscribers agree to incorporate under the laws of the State, as therein provided, fixing the aggregate amount of stock at not less than the amount subscribed, to be divided into shares of $100 each, said share or shares, as above stated, to be issued to the subscribers hereto in proportion to their paid-up interest herein; and it is herein agreed that each stockholder shall be liable only for the amount subscribed by him. All money that shall be paid in or collected upon this contract in excess of the contract price of the plant shall belong to the party of the second part."

The contract was signed by the complainant and by the individual subscribers to the stock. The building was completed, and stock issued to those who had paid, to the amount of $3,000; but the remaining $950 of the purchase price remained unpaid.

The question presented is whether the complainant is entitled to a lien for this sum upon the property, or whether it is bound to look to the individual subscribers.

In *Davis v. Belford,* 70 Mich. 120, this Court, in construing a somewhat similar contract, held the undertaking of the subscribers to be several, and not joint. We think the intent is even clearer in the present case. It is provided that there shall be an incorporation under the laws of the State, and stock issued to the amount paid, and it is in terms agreed that each stockholder shall be liable only to the amount subscribed by him. Certainly, with-

out doing violence to the language of the contract, it cannot be said that there was an intention that the individual subscribers should make themselves liable beyond the amount of their several stock subscriptions. It is somewhat ambiguous as to how the balance of the money shall be paid, but from the provision, which it was thought necessary to insert, that the money collected upon the contract in excess of the contract price should belong to the parties of the second part, it is a fair inference that it was intended that the collections should be made by the first party. Nor do we discover any intent to bind the corporation to be thereafter formed to the payment of the several sums. To do so would be to bind the individual interest in the corporation of each subscriber, and indirectly require a payment by him of an amount in excess of that which it is expressly stipulated shall be the total payment required of him. So far as the contract is in this respect ambiguous or uncertain, the dealings of the parties have placed a practical construction upon the contract in accordance with these views.

Without doubt, the complainant is entitled, in equity, to be subrogated to the rights of the non-paying subscribers to the stock to the amount remaining unpaid of the contract price; but this is not the remedy which it here asks.

The decree of the court below will be affirmed, with costs.

McGRATH, C. J., GRANT and HOOKER, JJ., concurred. LONG, J., did not sit.